DAVID R. ZARO (BAR NO. 124334)
TED FATES (BAR NO. 227809)
KIM A. BUI (BAR NO. 274113)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone: (619) 233-1155
Fax: (619) 233-1158
E-Mail: dzaro@allenmatkins.com
        tfates@allenmatkins.com
        kbui@allenmatkins.com

Attorneys for Receiver
THOMAS C. HEBRANK

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS C. HEBRANK, Federal Equity Receiver,<br><br>            Plaintiff,<br><br>    vs.<br><br>LINMAR MANAGEMENT, INC., a California corporation; and Does 1-25,<br><br>            Defendants. | Case No. **'13CV2179 W     WVG**<br><br>COMPLAINT FOR<br><br>(1) Breach of Contract;<br>(2) Money Had and Received;<br>(3) Unjust Enrichment; and<br>(4) Disgorgement |

THOMAS C. HEBRANK, Federal Equity Receiver, alleges as follows:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction of this matter under 28 U.S.C. Sections 1345 and 1367(a) and the doctrine of ancillary and supplemental jurisdiction.

2.     Venue in the Southern District of California is proper under 28 U.S.C. Section 1391.

**PARTIES**

3.     Plaintiff Thomas C. Hebrank ("Receiver" or "Plaintiff") is the court-appointed receiver for First Financial Planning Corporation d/b/a Western Financial Planning Corporation ("Western") and its subsidiaries and affiliates (together, the

"Receivership Entities").  Plaintiff was appointed as the Receiver for these entities by order ("Order") of this Court, entered on September 6, 2013 and March 13, 2013 as Document Nos. 10 and 174 in the action entitled *Securities and Exchange Commission v. Louis V. Schooler, et al.,* Case No. 3:12-cv-02164-GPC-JMA (the "SEC Action").  Among other things, the Order calls for the Receiver to recover and marshal for the benefit of creditors and investors of the Receivership Entities any and all assets of the receivership estate.  The claims asserted in this action are assets of the receivership estate.

4.   On information and belief, Defendant Linmar Management, Inc. ("Defendant") is a California corporation with its principal place of business located in San Diego, California.

5.   The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1 through 25, inclusive, are unknown to Plaintiff at this time and Plaintiff therefore sues those Defendants by such fictitious names. When the true names and capacities of such Defendants are ascertained, Plaintiff will amend this Complaint accordingly.  Plaintiff is informed and believes and thereon alleges that each Defendant designated as a Doe is in some manner responsible for the events and happenings herein referred to and approximately caused injury and damage thereby to Plaintiff.

## GENERAL ALLEGATIONS

6.   As alleged in the SEC Action, Louis V. Schooler ("Schooler") and Western purchased undeveloped land and then sold the land at grossly inflated prices, without disclosing the markup, to general partnerships comprised of numerous unsophisticated and misled investors.  As further alleged in the SEC Action, Schooler and Western engaged in securities fraud and other violations in raising funds from investors.

7.   On September 4, 2012, the Securities and Exchange Commission ("Commission") filed its Complaint against Schooler and Western, commencing the

SEC Action.  The Court appointed Plaintiff as temporary receiver over Western and its subsidiaries and affiliates on September 6, 2012, and on or about March 13, 2013, the Court entered its Preliminary Injunction and Order Appointing a Permanent Receiver in the SEC Action, granting the Commission's request for a preliminary injunction freezing assets, appointing a permanent receiver, and other relief.

8.    Western's books and records reflect that it made a loan to Defendant. On information and belief, Schooler is the sole owner of Defendant.

9.    The loan to Defendant has matured.  The amount owing on the loans is approximately $57,017.57.

### The Promissory Note

10.    Defendant, as borrower, executed a promissory note ("Note") in favor of Western in the principal amount of $40,000, as follows:

(a)    Promissory note dated April 14, 2009, made to Defendant in the original principal amount of $40,000, and a true and correct copy of which is attached hereto, and incorporated herein by this reference, as **Exhibit A**;

11.    The loan ("Loan") evidenced by such Note has matured, but Defendant has not repaid any portion.  Defendant has defaulted under the Note.

12.    The Receiver-Plaintiff and Western have performed all their obligations under the Note.

13.    On February 12, 2013, the Receiver issued a demand to the Defendant for full repayment of the Loan.   At that time, the amount due under the Note, including interest, was $57,017.57.

14.    No response to the Receiver's demand was received.  Accordingly, in March 2013, the Receiver issued a subpoena to Defendant, seeking documents relevant to his investigation of the Loan.  In early April 2013, Schooler produced a small portion of the requested documents.   Schooler later made a proposal for repayment of the Loan.  The Receiver sent a counter-proposal to Schooler's counsel

on April 24, 2013.  To date, no response to the Receiver's counter-proposal has been received.

15.   On May 23, 2013, the Receiver filed a motion in the SEC Action requesting that the Court enter an order authorizing him to pursue claims against Defendant.  Schooler filed an opposition to this motion on June 20, and the Receiver responded with a reply filed on July 18.  On August 16, 2013, the Court entered an order granting the Receiver's motion and granting him the authority to pursue his claims against Defendant.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract Against Defendant Linmar Management, Inc.)

16.   Plaintiff incorporates by reference Paragraphs 1 through 13 of the Complaint above.

17.   Defendant, as borrower, is the obligor under the Note.  Defendant is in default and breach under the Note in that it has, among other things, failed to make payments due and owing thereunder.  Plaintiff is therefore entitled to the whole sum of principal, interest, and charges due and payable under the Note, plus ongoing interests, costs, expenses and attorneys' fees as provided in the Note.  Defendant owes Western approximately $57,017.57 under the Note.

## SECOND CLAIM FOR RELIEF

### (Money Had And Received Against Defendant Linmar Management, Inc.)

18.   Plaintiff incorporates by reference Paragraphs 1 through 17 of the Complaint above.

19.   Defendant has become indebted to Plaintiff for money had and received by Defendant, which rightfully belongs to Western, in the approximate sum of $57,017.57.  Plaintiff has demanded the return of the foregoing money, but despite such demand, no portion of the money has been repaid to Plaintiff.  There is now due and owing the money received by Defendant together with interest thereon.

1

**THIRD CLAIM FOR RELIEF**

2

**(Unjust Enrichment Against Defendant Linmar Management, Inc.)**

3       20.     Plaintiff incorporates by reference Paragraphs 1 through 17 of the
4   Complaint above.

5       21.     As set forth above, Defendant has received approximately $40,000
6   from the Receivership Entities.  Despite demand, Defendant has not repaid such
7   sums.  Defendant has been unjustly enriched in the approximate sum of $57,017.57
8   (principal and interest, as provided for in the Note) and to the detriment of Western.

9

**FOURTH CLAIM FOR RELIEF**

10

**(For Disgorgement Against Defendant Linmar Management, Inc.)**

11      22.     Plaintiff incorporates by reference paragraphs 1 through 19 of the
12  Complaint above.

13      23.     As set forth above, Defendant has received approximately $40,000
14  from Western.  As alleged in the SEC Action, based upon information and belief,
15  Plaintiff alleges that the source of the funds transferred to Defendant was investor
16  money raised in violation of federal securities laws.  Despite demand being made,
17  the funds transferred to Defendant have not been repaid to Western.

18      24.     The monies, which, upon information and belief, belong to defrauded
19  investors and creditors of Western, continue to be wrongfully retained by
20  Defendant.  Plaintiff is entitled to have Defendant disgorge $57,017.57 (principal
21  and interest, as provided for in the Note) so that such monies may be returned to the
22  investors and creditors of the Receivership Estate.

23

24      WHEREFORE, Plaintiff asks for judgment as follows:

25

**ON THE FIRST CLAIM FOR RELIEF**

26      1.     For judgment that Defendant is in default and breach under the Note
27  and awarding Plaintiff damages in an amount of approximately $57,017.57, plus
28  interest, costs and attorneys' fees.

## ON THE SECOND CLAIM FOR RELIEF

1.      For judgment that Defendant is indebted to Western in an amount of approximately $57,017.57.

## ON THE THIRD CLAIM FOR RELIEF

2.      For judgment that Defendant has been unjustly enriched and must return to Plaintiff an amount of approximately $57,017.57.

## ON THE FOURTH CLAIM FOR RELIEF

3.      For a judgment for disgorgement requiring Defendant to turn over all funds received from Westernin an amount of approximately $57,017.57.

## ON ALL CLAIMS FOR RELIEF

1.      For reasonable attorneys' fees;

2.      For costs of suit incurred herein; and

3.      For such other relief and further relief as the Court deems just and proper.


Dated:  September 13, 2013                ALLEN MATKINS LECK GAMBLE
                                          MALLORY & NATSIS LLP
                                          DAVID R. ZARO
                                          TED FATES
                                          KIM A. BUI


                                          By:      /s/ Kim A. Bui
                                          _____
                                              KIM A. BUI
                                              Attorneys for Receiver
                                              THOMAS C. HEBRANK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBITS
## TABLE OF CONTENTS

| EXHIBIT | DESCRIPTION | PAGE NO. |
|---------|-------------|----------|
| A | Promissory note dated April 14, 2009 | 8 |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

968753.01/LA

# __EXHIBIT A__

EXHIBIT A
PAGE 8

*pd cr*
*#5161  4/14/09*

# PROMISSORY NOTE #2

**Borrower:  Linmar Management, Inc.**
           5186 Carroll Canyon Road
           San Diego, CA 92121

**Lender: Western Financial Planning Corporation**
           5186 Carroll Canyon Road
           San Diego, CA 92121

**Principal Amount:  $40,000.00**    **Fixed Simple Rate: 7.5%**    **Date of Note: April 14, 2009**

**PROMISE TO PAY: Linmar Management, Inc.** ("Borrower") promises to pay to **Western Financial Planning Corporation** ("Lender"), or order, in lawful money of the United States of America, the principal amount of **Forty Thousand dollars and no/100 ($40,000.00)** or so much as may be outstanding, together with interest on the unpaid outstanding principal balance.

**PAYMENTS:** Borrower will pay this loan in full at the end of twelve (12) months. Repayment will include principal and interest times the number of months the loan will have been outstanding at the time of repayment. Borrower will pay Lender at the address shown above or at such other place as Lender may designate in writing. Unless otherwise agreed or required by application of law, payment will be applied to principal and interest.

**PREPAYMENT:**    Lender agrees that there are no loan fees or other prepaid finance charges. Borrower may pay without penalty all or a portion of the amount owed earlier than it is due.

**DEFAULT:**    Borrower will be in default if any of the following happens:    (a) Borrower breaks any promise Borrower has made to Lender, or Borrower fails to perform promptly at the time and strictly in the manner provided in this Note or any agreement related to this Note, or in any other agreement or loan Borrower has with Lender. (b) Any representation or statement made or furnished to Lender by Borrower or on Borrower's behalf is false or misleading in any material respect. (c) Borrower becomes insolvent, a receiver is appointed for any part of Borrower's property, Borrower makes an assignment for the benefit of creditors, or any proceeding is commenced either by Borrower or against Borrower under any bankruptcy or insolvency laws. (d) Any creditor tries to take any of Borrower's property on or in which Lender has a lien or security interest. (e) Any of the events described in this default section occurs with respect to any guarantor of this Note. (f) Lender in good faith deems itself insecure.

**LENDERS RIGHTS:**    Upon default, Lender may declare the entire unpaid balance principal balance on this Note and all accrued interest immediately due, without notice, and then Borrower will pay that amount. Upon Borrower's failure to pay all amounts declared due pursuant to this section, including failure to pay upon final maturity, Lender, at its option, may also, if permitted under applicable law, do one or both of the following: (a) Increase the rate of interest in this Note to 10% (ten percent), and (b) add any unpaid accrued interest to principal and such sum will bear interest therefrom until paid at the rate provided in this Note, (including any increased rate). Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower also will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses whether or not there is a lawsuit, including attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgement collection services.

1

EXHIBIT A
PAGE 9

Borrower also will pay any court costs, in addition to all other sums provided by law. This Note has been delivered to Lender and accepted by Lender in the State of California. If there is a lawsuit, Borrower agrees upon Lenders' request to submit to the jurisdiction of the courts of SAN DIEGO County, the State of California. Subject to the provisions of arbitration, this Note shall be governed by and construed in accordance with the laws of the State of California.

**ARBITRATION:**     Lender and Borrower agree that all disputes, claims and controversies between them, whether individual, joint, or class in nature, arising from this Note or otherwise, including without limitation contract and tort disputes, shall be arbitrated pursuant to the Rules of the American Arbitration Association, upon request of either party. No act to take or dispose of any collateral securing this Note shall constitute a waiver of this arbitration agreement or be prohibited by this arbitration agreement. This includes, without limitation, obtaining injunctive relief or a temporary retraining order; invoking a power of sale under any deed of trust or mortgage; obtaining a writ of attachment or imposition or a receiver; or exercising any rights relating to personal property; including taking or disposing of such property with or without judicial process pursuant to Article 9 of the Uniform Commercial Code. Any disputes, claims, or controversies concerning the lawfulness or reasonableness of any act, or exercise of any right, concerning any collateral securing this Note, including any claim to rescind, reform or otherwise modify any agreement relating to the collateral securing this Note, shall also be arbitrated, provided however that no arbitrator shall have the right or the power to enjoin or restrain any act of any party. Lender and Borrower agree that in the event of an action for judicial foreclosure pursuant to California Code of Civil Procedure Section 726, or any similar provision in any other state, the commencement of such an action will not constitute a waiver of the right to arbitrate and the court shall refer to arbitration as much of such action, including counterclaims, as lawfully may be referred to arbitration. Judgement upon any award rendered by any arbitrator may be entered in any court having jurisdiction. Nothing in this Note shall preclude any party from seeking equitable relief from a court of competent jurisdiction. The statute of limitations, estoppel, waiver, laches, and similar doctrines which would otherwise be applicable in an action brought by a party shall be applicable in any arbitration proceeding, and the commencement of an arbitration proceeding shall be deemed the commencement of an action for these purposes. The Federal Arbitration Act shall apply to the construction, interpretation, and enforcement of this arbitration provision.

**GENERAL PROVISIONS:** Lender may delay or forgo enforcing any of its rights or remedies under this Note without loosing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive any applicable statute of limitations, presentment, demand for payment, protest and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan, or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone.

**PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE, INCLUDING THE PAYMENT PROVISIONS. BORROWER AGREES TO THE TERMS OF THE NOTE AND ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THE NOTE.**

2

BORROWER:  Linmar Management, Inc.

By: _[signature]_

By: _[signature]_

LENDER:  Western Financial Planning Corporation

By: _[signature]_ pres.

3

EXHIBIT A
PAGE 11

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Thomas C. Hebrank, Federal Equity Receiver

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David R. Zaro (Bar No. 124334)   Ted Fates (Bar No. 227809)
Kim A. Bui (Bar No. 274113)
Allen Matkins Leck Gamble Mallory & Natsis LLP
515 S. Figueroa St., 9th Floor, Los Angeles, CA 90071
Telephone: (213) 622-5555  Facsimile: (213) 620-8816

## DEFENDANTS
Linmar Management, Inc., a California corporation

County of Residence of First Listed Defendant   San Diego
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*   '13CV2179 W   WVG

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question/ SUPPLEMENTAL JURISDICTION [28 U.S.C. Section 1367(a)] *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☒ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):* 28 U.S.C. § 1367(a)   28:1331
[Supplemental Jurisdiction] – Plaintiff is the court-appointed Federal Equity Receiver in related case (see below).
Brief description of cause: Claim for money had and received (among others) against Defendant.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.   DEMAND $57,017.57   CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*   JUDGE Hon. Gonzalo P. Curiel   DOCKET NUMBER 3:12-cv-02164-GPC-JMA

DATE
September 12, 2013

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____