UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS C. HEBRANK, Federal Equity Receiver,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>LINMAR MANAGEMENT, INC., a California corporation,<br><br>　　　　　　　Defendant. | Case No. 3:13-cv-2179-GPC-JMA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**(ECF NO. 14)** |

## **INTRODUCTION**

This is an action brought by court-appointed receiver Thomas C. Hebrank ("Receiver") on behalf of First Financial Planning Corporation d/b/a Western Financial Planning Corporation ("Western"). (ECF No. 1.) The Receiver brings this action against LinMar Management, Inc. ("LinMar Management") to enforce an April 2009 promissory note executed by LinMar Management in favor of Western.

Presently before the Court is the Receiver's Motion for Partial Summary Judgment, in which the Receiver asks that summary judgment be entered in his favor on his cause of action for breach of contract. (ECF No. 14, "Motion.") LinMar Management has filed an opposition to the Receiver's Motion, (ECF No. 16), and the Receiver has filed a reply, (ECF No. 17). Having considered the parties' submissions and the applicable law, and for the reasons that follow, the Court will **GRANT** the

Receiver's Motion.

## BACKGROUND

The Court appointed the Receiver as permanent receiver over Western in the main action out of which this action arises: SEC v. Schooler et al., Case No. 3:12-cv-2164-GPC-JMA (S.D. Cal.) ("SEC Action"). In the SEC Action, the Court authorized the Receiver to pursue enforcement of an April 2009 promissory note executed by LinMar Management in favor of Western.

The note evidences a loan by Western to LinMar Management in the amount of $40,000, which amount Western transferred to LinMar Management on April 15, 2009. The promissory note provides an initial interest rate of 7.5% per year and a maturity date of April 14, 2010. In the event of a default, the note allows Western to declare the entire principal balance of the loan, plus all accrued interest, immediately due. The note further allows Western, upon default, the option of increasing the interest rate to 10% per year and adding any accrued interest to the principal balance.

It is undisputed that (1): LinMar Management borrowed $40,000 from Western per the note; (2) LinMar Management breached the note by failing to repay any portion of the loan; (3) Western has not interfered with LinMar Management's ability to repay the loan; (4) Western has performed all its obligations under the note; and (5) the loan is due and payable.

With interest as of May 1, 2014, LinMar Management currently owes Western $59,570.10.[1]

## LEGAL STANDARD

Summary judgment is appropriate where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of

---

[1] The initial interest rate was applied for the period between loan origination and April 2013 (i.e., 30 days after the Receiver's February 2013 demand for full payment), and the 10% interest rate has been applied for the period between April 2013 and May 1, 2014.

the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 159-60 (1970). If the moving party meets the initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Anderson, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient."). Rather, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)) (internal quotations omitted).

Generally, "[a] matter admitted . . . is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Once facts are admitted, district courts may "properly rel[y] on them as a basis for entry of summary judgment." Layton v. Int'l Ass'n of Machinests & Aerospace Workers, 285 Fed. Appx. 340, 341 (9th Cir. 2008).

## DISCUSSION

The Receiver moves for summary judgment on his cause of action for breach of contract.[2] The elements of a cause of action for breach of contract are: (1) the existence

---

[2] The Receiver's remaining causes of action for money had and received, unjust enrichment, and disgorgement are unaffected by the instant Motion. (See ECF No. 1.)

of an enforceable contract, (2) the plaintiff's performance or excuse for nonperformance under the contract, (3) the defendant's material breach of the contract, and (4) resulting damages to the plaintiff. Reichert v. Gen. Ins. Co. of Am., 68 Cal. 2d 822, 830 (1968); Acoustics, Inc. v. Trepte Constr. Co., 14 Cal. App. 3d 887, 913 (1971).

LinMar Management asserts "it is undisputed that [LinMar Management] and Western had a formal loan agreement whereby Western loaned money at interest to [LinMar Management] for a specific period of time, that Western performed all of its obligations, and that [LinMar Management] has not repaid the loan in full." (ECF No. 16 at 5-6.) LinMar Management thus concedes there is no dispute of material fact with regard to the first three elements of the Receiver's breach-of-contract claim. LinMar Management argues, however, there is a dispute of material fact with regard to the fourth element of damages. LinMar Management further argues that disputes of material fact exist with regard to its defense of impossibility. The Court addresses these arguments in turn.

**1.  Damages**

LinMar Management argues the Receiver has not met his summary-judgment burden on the issue of damages because (1) attorney fees and costs incurred in enforcing the repayment terms of the note are not "damages" under California law, and (2) the Receiver "has presented no evidence that Western has been damaged by the nonpayment of the loan[]" because "Schooler's intention, as owner and president of both Western and [LinMar Management], was that even though the loans stated a time for repayment, Western would not demand repayment at the specified time but would allow [LinMar Management] to pay what it could, when it could, depending on [its] financial situation." (ECF No. 16 at 3-4.) In support of its second point, LinMar Management submits the declaration of its principal, Louis V. Schooler ("Schooler"), which provides:

> Although the loans and promissory notes do specify a term for the repayment of the loan, it was my intention, both at the time that the loans

were made and at the time the terms for repayment ended, that LinMar Management would repay the loans on a "what you can, when you can" basis. In other words, LinMar Management would make payments as its financial position permitted, depending on money received for management services.

(ECF No. 16-3 at 2.)

Regardless of whether attorney fees and costs are ordinarily considered damages in a breach-of-contract action, the Court concludes the Receiver has satisfied his summary-judgment burden with respect to damages.

First, Schooler's statement that he intended, as owner and president of both Western and LinMar Management, to allow LinMar Management to repay Western "what it could, when it could" is contradicted by LinMar Management's prior admission that the note is due and payable. (See ECF No. 14-4 at 37 [admitting the loan has matured]; ECF No. 14-4 at 8 ["matured" means "the final payment date of a loan has expired, at which point the principal (and all accrued interest) on the loan is due to be paid"].) When something is "due" in the context of payment, it is "[i]mmediately enforceable." Black's Law Dictionary (9th ed. 2009). LinMar Management may not, therefore, contradict its prior admission without leave of court to amend or withdraw its admission. See Fed. R. Civ. P. 36(b).

Second, while LinMar Management contends its principal (Schooler) had a subjective intent that varies from the note's payment terms, LinMar Management does not point to any ambiguity in the note's language. Nor has the Court found any such ambiguity. The note plainly states: "Borrower will pay this loan in full at the end of twelve (12) months. Repayment will include principal and interest times the number of months the loan will have been outstanding at the time of repayment." (ECF No. 14-3 at 7.) As such, LinMar Management may not offer extrinsic evidence of subjective intent (in the form of Schooler's declaration) that expressly contradicts the note's language. See, e.g., Rodriguez v. Oto, 212 Cal. App. 4th 1020, 1027 (2013) ("If the terms are unambiguous, there is ordinarily no occasion for additional evidence of the parties' subjective intent."); Thrifty Payless, Inc. v. Mariners Mile Gateway, LLC, 185

Cal. App. 4th 1050, 1061 (2010) ("[U]nless the language is 'reasonably susceptible' to the proposed meaning, extrinsic evidence cannot even be considered to explain or otherwise shed light upon the parties' intent.").

Third, LinMar Management has offered no evidence of fraud, mistake, or any other vitiating factor that would cause the Court to overlook LinMar Management's objective manifestation of assent (i.e., Schooler's signature on behalf of LinMar Management) to the terms of the note. See Rodriguez, 212 Cal. App. 4th at 1028.

Finally, the Receiver has offered undisputed evidence that Western has been damaged as a matter of law by LinMar Management's failure to repay the loan, in that LinMar Management admits that it has not paid the loan even though the loan is due. See Cal. Civ. Code § 3300 ("For the breach of a[] . . . contract, the measure of damages . . . is the amount which compensates the party aggrieved for all the detriment proximately caused thereby[.]"); Id. § 3302 ("The detriment caused by the breach of an obligation to pay money only, is deemed to be the amount due by the terms of the obligation, with interest thereon."); In re Hein, 60 B.R. 769, 782 (Bankr. S.D. Cal. 1986) ("Under California Civil Code § 3302, the payee under an obligation to pay money only . . . is permitted to recover the amount due by the terms of the obligation with interest thereon.").

Based on the foregoing, the Court concludes summary judgment should be entered in the Receiver's favor on his cause of action against LinMar Management for breach of the April 2009 note.

**2.  Impossibility**

Impossibility is a defense to contract enforcement. See Mineral Park Land Co. v. Howard, 172 Cal. 289, 459-60 (1916). "The impossibility which will excuse the performance of a contract must consist in the nature of the thing to be done and not in the inability of the obligor to do it." Caron v. Andrew, 133 Cal. App. 2d 402, 407 (1955). Strict impossibility, however, is not required to excuse performance; rather, performance may also be excused under circumstances showing "impracticability

because of extreme and unreasonable difficulty, expense, injury, or loss involved." Oosten v. Hay Haulers Dairy Emp. & Helpers Union, 45 Cal. 2d 784, 794 (1955). Still, for performance to be excused, it must be objectively–not subjectively–impossible or impracticable. See Hensler v. Los Angeles, 124 Cal. App. 2d 71, 83 (1964). Thus, a party may not generally rely on an impossibility defense to justify its failure to make payments, as making payments is not objectively impossible or impracticable. See Hoosier Energy Rural Elec. Coop., Inc. v. John Hancock Life Ins. Co., 582 F.3d 721, 728 (7th Cir. 2009) (citing Restatement (Second) of Contracts § 261 cmt. d (1981)).

Here, LinMar Management has offered no evidence demonstrating that its purported inability to repay the loan is objectively impossible or impracticable. Instead, LinMar Management merely asserts–from its subjective perspective–that repaying the loan "can only be done at an excessive and unreasonable cost" to itself. LinMar Management has therefore failed to demonstrate that a dispute of material fact exists with regard to its impossibility defense.

## CONCLUSION & ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. The Receiver's Motion, (ECF No. 14), is **GRANTED**; and
2. The hearing on the Receiver's Motion, currently set for August 1, 2014, is **VACATED**.

DATED: July 29, 2014

HON. GONZALO P. CURIEL
United States District Judge