# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS C. HEBRANK, Federal Equity Receiver,<br><br>                                  Plaintiff,<br>    v.<br><br>LINMAR MANAGEMENT, INC., a California corporation, and Does 1-25,<br><br>                                Defendants. | CASE NO. 3:13-cv-2179-GPC-JMA<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS;**<br><br>**(2) VACATING HEARING DATE**<br><br>**[ECF No. 19]** |

## I. INTRODUCTION

Before the Court is Plaintiff Thomas C. Hebrank's ("Plaintiff") Motion for Attorney Fees and Costs. (ECF No. 19.) Defendant LinMar Management, Inc. ("Defendant") opposes Plaintiff's motion. (ECF No. 22.) Plaintiff responded to Defendant's opposition. (ECF No. 23.)

The parties have fully briefed the motion. (ECF Nos. 19, 22, 23.) The Court finds the motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Upon review of the moving papers, admissible evidence, and applicable law, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Attorney Fees and Costs.

## II. PROCEDURAL BACKGROUND

On September 13, 2013, Plaintiff filed a complaint against Defendant alleging:

(1) breach of contract, (2) money had and received, (3) unjust enrichment, and (4) disgorgement. (ECF No. 1.) On May 22, 2014, Plaintiff moved for summary judgment on the breach of contract cause of action. (ECF No. 14.) On July 29, 2014, the Court granted Plaintiff summary judgment on the breach of contract cause of action. (ECF No. 18.)

On August 12, 2014, Plaintiff filed this motion for attorney fees and costs incurred: (1) through July 31, 2014; (2) after July 31, 2014, in relation to this motion; and (3) anticipated to be incurred for post-collection work. (ECF No. 19.) On September 4, 2014, Defendant filed an opposition to Plaintiff's motion. (ECF No. 22.) On September 19, 2014, Plaintiff filed a response to Defendant's opposition. (ECF No. 23.)

### III. FACTUAL BACKGROUND

On March 13, 2013, the Court appointed Plaintiff as permanent receiver over Western Financial Planning Corporation ("Western") in the main action out of which this action arises: SEC v. Schooler (the "SEC Action"). Sec. and Exch. Comm'n v. Schooler, et al., No. 3:12-cv-2164-GPC-JMA (S.D. Cal. Mar. 13, 2013), ECF No. 174. On May 23, 2013, Plaintiff moved in the SEC Action for authority to pursue enforcement of promissory notes executed in favor of Western by Defendant and other entities. SEC v. Schooler, No. 3:12-cv-2164-GPC-JMA (S.D. Cal. May 23, 2013), ECF No. 192. On August 16, 2013, the Court granted Plaintiff's motion for authorization. SEC v. Schooler, No. 3:12-cv-2164-GPC-JMA, 2013 WL 4548525 (S.D. Cal. Aug. 16, 2013), ECF No. 470. On September 13, 2013, Plaintiff instituted three actions pursuant to the Court's order (the "LinMar Lawsuits"). Hebrank v. LinMar Management, Inc., et al., No. 3:13-cv-2179-GPC-JMA (S.D. Cal. Sept. 13, 2014), ECF No. 1; Hebrank v. LinMar III, LLC, et al., No. 3:13-cv-2179-GPC-JMA (S.D. Cal. Sept. 13, 2014), ECF No. 1; Hebrank v. LinMar IV, LLC, et al., No. 3:13-cv-2179-GPC-JMA (S.D. Cal. Sept. 13, 2014), ECF No. 1.

On April 14, 2009, Defendant executed a promissory note evidencing a loan by

Western to Defendant in the amount of $40,000. (ECF No. 19-1, Ex. A.) The promissory note provides that:

> Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower also will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses whether or not there is a lawsuit, including attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic state or injunctions), appeals, and any anticipated post-judgment collection services. Borrower will pay any court costs, in addition to all other sums provided by law.

(Id. ¶ 8.) Further, the promissory note states that it is "governed by and construed in accordance with the laws of the State of California." (Id. ¶ 9.) On February 12, 2013, Plaintiff issued a demand to Defendant for full repayment of the loan. (ECF No. 1, ¶ 13.) After Plaintiff issued the demand, the parties engaged in document production and settlement negotiations. (Id. ¶¶ 13–14.)

## IV. LEGAL STANDARD

**A. Attorney Fees**

California Civil Code § 1717 allows for the recovery of attorney fees and costs incurred to enforce the contract where the contract specifically provides for such recovery. CAL. CIV. CODE § 1717; PLCM Group, Inc. v. Drexler, 997 P.2d 511, 515 (Cal. 2000). "[T]he trial court has broad authority to determine the amount of a reasonable fee." PLCM Group, 997 P.2d at 515. First, the trial court must determine the "lodestar": "the number of hours reasonably expended multiplied by the reasonable hourly rate." Id. (citation omitted). The reasonable hourly rate is the prevailing hourly rate "in the community for similar work." Id. In federal cases, the relevant legal community is "the forum in which the district court sits." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979 (9th Cir.2008).

The party seeking an award of attorney fees bears the burden of proving that the fees it seeks are reasonable. Yenidunya Invs., Ltd. v. Magnum Seeds, Inc., No. 2:11-cv-01787-WBS-CKD, 2012 WL 538263, at *7 (E.D. Cal. Feb. 17, 2012), aff'd, 562 Fed. Appx. 560 (9th Cir. 2014) (citations omitted). The party opposing an award of attorney fees has the "burden of rebuttal" which requires submitting evidence

1  "challenging the accuracy and reasonableness of the hours charged or the facts
2  asserted." Gates v. Deukmejian, 987 F.2d 1392, 1397–98 (9th Cir. 1992) (citations
3  omitted). If the party seeking an award of attorney fees fails to adequately document
4  the hours or the hours are deemed excessive, the Court may reduce the award.
5  Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986) opinion
6  amended on denial of reh'g, 808 F.2d 1373 (9th Cir. 1987).

**B. Costs**

Federal Rule of Civil Procedure 54 allows a prevailing party to recover litigation costs. FED. R. CIV. P. 54(d)(1). Civil Local Rule 54.1 allows for the recovery of various additional costs. CivLR 54.1.

**C. Judicial Notice**

A court may take notice of undisputed "matters of public record" subject to judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001) (citing FED. R. EVID. 201; MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986)). Under Federal Rule of Evidence 201, a district court may take notice of facts not subject to reasonable dispute that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. FED. R. EVID. 201(b); see also Lee, 250 F.3d at 689.

## V. DISCUSSION

**A. Judicial Notice**

Defendant seeks judicial notice of the three dockets and case files for the SEC Action and the two other LinMar Lawsuits. (ECF No. 22, at 4 n.1.) Defendant's request for judicial notice is properly noticeable. The docket and case files in a federal court case are matters of public record and are capable of accurate and ready determination. Finding the dockets and case files of the SEC Action and two other LinMar Lawsuits relevant, the Court takes judicial notice of all three dockets and case files.

**B. Attorney Fees**

Plaintiff argues that he is entitled to $35,910.30 in attorney fees. (ECF No. 19,

at 6.) Defendant does not challenge that Plaintiff should be awarded attorney fees, but does challenge the specific amount Plaintiff proposes as unreasonable. (See ECF No. 22, at 1–2.) As Plaintiff has prevailed on his breach of contract claim against Defendant and that contract provides for attorney fees, the Court finds that Plaintiff is entitled to an award of attorney fees for work done through this motion and any anticipated post-judgment collection work.

Because of the similarity of the three LinMar Lawsuits, Plaintiff arrives at the $35,910.30 figure by calculating all of the attorney fees for the three suits and dividing by three. (ECF No. 19, at 1–2.) Plaintiff breaks down the hourly rates he is requesting for work done through July 31, 2014, $29,532.00, as follows:

1. $585–$616.50 per hour for 7.0 hours by partner David Zaro;
2. $418.50–$445.50 per hour for 98.30 hours by senior associate Ted Fates;
3. $351 per hour for 37.30 hours by junior associate Josi Swonetz;
4. $265.50–$297 per hour for 82.80 hours by junior associate Kim Bui;
5. $279 per hour for 6.6 hours by junior associate Alana Thorbourne;
6. $238.50 per hour for 4.9 hours by paralegal Sara Cramton; and
7. $279 per hour for 0.9 hours by paralegal Rhonda Reid.

(ECF No. 19-2 ¶¶ 5–9.) Plaintiff requests approximately 106 hours for preparing the partial summary judgment motions and reply papers and approximately 132 hours for all other work done through July 31, 2014. (Id. ¶ 9; ECF No. 19-2, Ex. A.) Plaintiff estimates the attorney fees for preparing this motion and its response and for anticipated post-judgment collection work at $6,378.30. (ECF No. 19-2 ¶ 10.)

Defendant argues that Plaintiff's attorney fees amount is unreasonable for two reasons: (1) because of the settlement negotiations between the parties, and (2) because the LinMar Lawsuits are simple and involve "pleadings, motions, and discovery" that are "straightforward" and "heavily duplicative." (ECF No. 22, at 2–4.)

Defendant has provided no authority for its contention that the alleged unreasonableness of Plaintiff's settlement offer or Plaintiff's rejection of Defendant's

settlement offer justifies reducing an award of attorney fees and costs. Moreover, courts in this circuit and in others have found that rejections of settlement offers do not justify reducing an award of attorney fees and costs. See, e.g., Ortiz v. Regan, 980 F.2d 138, at 140 (2d Cir. 1992); Joe Hand Promotions, Inc. v. Albright, No. 2:11-cv-2260-WBS-CMK, 2013 WL 4094403, at *5 (E.D. Cal. Aug. 13, 2013); Mformation Techs., Inc. v. Research in Motion Ltd., No. 08-cv-4990-EMC, 2012 WL 6025746, at *2 (N.D. Cal. Dec. 4, 2012). Accordingly, the Court finds that the settlement negotiations between the parties does not serve to reduce Plaintiff's award of attorney fees and costs.

In support of his attorney fee rates, Plaintiff cites Hess v. Ramona Unified School District, No. 3:07-cv-0049-W-CAB, 2008 WL 5381243, at *3 (S.D. Cal. Dec. 19, 2008), and Brighton Collectibles, Inc. v. Coldwater Creek Inc., No. 3:06-cv-1848-H-POR, 2009 WL 160235, at *4 (S.D. Cal. Jan. 20, 2009). In Hess, the court found rates of $250–$500 for attorneys and $125 for paralegals reasonable. 2008 WL 5381243, at *3. In Brighton Collectibles, the court found rates of $125–$625 for attorneys and $90–210 for paralegals reasonable. 2009 WL 160235, at *4. Plaintiff's highest rates are $616.50 for David Zaro, a partner with 27 years of litigation experience and $445.50 for Ted Fates, a senior associate with 10 years of litigation experience. (ECF No. 19-2 ¶ 6.) Plaintiff proposes rates of $279–$351 for three junior associates, and $238.50–$279 for two paralegals with over 20 years of experience. (Id.) Plaintiff's overall blended rate is $372.57. (Id. ¶ 5.) In light of the amounts charged by other attorneys and paralegals of similar skill and experience in the Southern District of California, the Court finds that Plaintiff's proposed rates are reasonable.

For work done through July 31, 2014, Plaintiff proposes a total of 237.8 attorney and paralegal hours worked on the LinMar Lawsuits through July 31, 2014. (ECF No. 19-2 ¶ 5.) This includes a demand letter, a document subpoena, Plaintiff's motion for authority in the SEC Action, a motion for summary judgment, and settlement negotiations, among other work. (Id. ¶ 9.) While Defendant is correct that much of the work performed by Plaintiff's attorneys and paralegals in the three LinMar Lawsuits

is similar, Plaintiff's attorneys and paralegals must still complete the work for three lawsuits that involve three different loans given to three different entities.

Following a thorough review of Plaintiff's summary of fees incurred relating to the three LinMar lawsuits, the Court finds that approximately 132 attorney and paralegal hours is reasonable for all of the work other than the summary judgment motions. However, the Court finds the approximately 106 hours spent on the partial summary judgment motions and replies to be excessive. The partial summary judgment motions contain approximately 6 pages of points and authorities, 5 pages of facts, and 5 pages of declaration. (See, e.g., ECF Nos. 14-1, 14-2, 14-3, 14-4.) The replies in support of the partial summary judgment motions contain approximately 8 pages of legal argument and responses to approximately 13 material facts. (See, e.g., ECF Nos. 17, 17-1.) Plaintiff contends that spending approximately 66 hours on the motions and 40 hours on the replies is reasonable. (See ECF No. 19-2, Ex. A.) Plaintiff's summary judgment motions were on straightforward breach of contract causes of action with minimal facts. The facts underlying the three motions were very similar and the law for all three was the same. In light of the motions' simplicity and brevity, spending over 60 hours drafting three nearly identical motions is excessive. See Chalmers, 796 F.2d at 1211 (instructing that district courts are to consider the "novelty or the difficulty of the question presented"). The Court finds that a more reasonable total for the motions would be approximately 46 hours preparing the motions and 40 hours preparing the replies. See id. at 1210. Accordingly, the Court reduces the amount proposed by Plaintiff by 20 hours at the blended rate of $372.57, for a total reduction of $7,451.40 which, divided across the three LinMar lawsuits, results in a reduction of $2,483.80 for this case. See, e.g., Cataphora Inc. v. Parker, 848 F. Supp. 2d 1064, 1070–71 (N.D. Cal. 2012) (reducing hours deemed excessive); Marshall v. Kirby, No. 3:07-cv-0222-RAM, 2010 WL 4923486, at *11–12 (D. Nev. Nov. 29, 2010) (same). For work done through July 31, 2014, the Court awards a total of $27,038.20 in attorney fees for this case.

For work done after July 31, 2014, Plaintiff does not include a detailed hours

breakdown and instead makes vague references to approximate hour numbers that fails to include hourly rates. (See ECF No. 19-2 ¶ 10.) Plaintiff knew, at the time he submitted his reply brief, the number of hours worked by his attorneys and paralegals on this motion, yet has not included such a breakdown in his reply brief. For post-judgment collection work, Plaintiff again makes vague references to approximate hour numbers and fails to include hourly rates. (See id.)

The Court finds that Plaintiff has failed to provide an adequately detailed breakdown of hourly rates and time spent on this motion, and failed to provide an adequately detailed breakdown of hourly rates and time anticipated for post-judgment collection work. The Court hereby requires that Plaintiff submit supplemental briefing breaking down the attorney fees spent on this motion after July 31, 2014, and breaking down any anticipated post-judgment collection work. As Plaintiff failed to include a more detailed breakdown in his reply brief—when Plaintiff knew the exact amount spent on this motion—the breakdown in Plaintiff's supplemental brief shall not include any time spent on the supplemental brief.

**C. Costs**

Plaintiff argues that he is entitled to $400 in costs, the filing fees paid in this case. (ECF No. 19, at 10.) Defendant does not challenge that Plaintiff is entitled to costs. As Plaintiff has prevailed on his breach of contract claim against Defendant and that contract provides for costs, the Court finds that Plaintiff is entitled to $400 in costs.

## VI. CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Attorney Fees and Costs, (ECF No. 19), is **DENIED** as to the proposed $29,532.00 in attorney fees incurred through July 31, 2014, and $6,378.30 in attorney fees for work done and anticipated after July 31, 2014; **GRANTED** as to the modified $27,038.20 in attorney fees for work done through July 31, 2014; **GRANTED** as to

the $400 in costs incurred through July 31, 2014; **GRANTED** as to attorney fees incurred in relation to Plaintiff's Motion for Attorney Fees and Costs incurred after July 31, 2014; **GRANTED** as to anticipated post-collection work;

2. Plaintiff shall submit a supplemental brief identifying the attorney fees incurred after July 31, 2014 in relation to this Motion for Attorney Fees and Costs and identifying the anticipated post-collection work on or before **October 17, 2014**, and Defendant may file a supplemental brief in opposition on or before **October 24, 2014**;

3. The hearing set for October 10, 2014, is **VACATED**.

DATED: October 9, 2014

HON. GONZALO P. CURIEL
United States District Judge